FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 6 - 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. '09 - CV - 00249

BYRON K. ANDREWS, and
ANDREA P. ANDREWS,

      Plaintiffs,

v.

RALPH E. LAYMAN, U.S. Small Business Administration Director,
BEARPAW, LLC,
WALTER A. BRISTER III, and
R. PARKER SEMLER,

      Defendants.

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, DISMISSING ACTION IN PART, AND INSTRUCTING PLAINTIFFS TO CURE DEFICIENCIES

---

Plaintiffs Byron K. Andrews and Andrea P. Andrews have submitted to the Court a *pro se* "Petition for Leave to File *Pro Se* Complaint," a Complaint, a "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. [ ˜ ] 1927" for each Plaintiff, an "Affidavit of Byron Kay Andrews for Removal," and an "Affidavit of Andrea Peters Andrews for Removal." The Clerk of the Court will be directed to commence a civil action. For the reasons stated below, the action will be dismissed in part, and Plaintiffs will be directed to cure deficiencies with respect to the remaining claims.

Plaintiffs are subject to a sanction order that restricts their ability to file *pro se* actions in this court. *See Andrews, et al., v. U.S. Small Business Administration, et al.*, No. 07-cv-01971-WDM-CBS, Doc. No. 97 (D. Colo. Dec. 30, 2008). In Case No. 07-cv-01917-WDM-CBS, Plaintiffs were instructed that if they file a new *pro se*

complaint against Walter A. Brister, Bearpaw L.L.P. and their counsel, the complaint

and Plaintiffs will be restricted to the following conditions:

1. Any *pro se* complaint or notice of removal submitted by Plaintiffs and involving Walter Brister, Bearpaw LLC, and their counsel and concerning events relating to Brister's filing of a lis pendens on property formerly owned by Plaintiffs, the acquisition of the same property in foreclosure by Bearpaw, and the eviction of Plaintiffs shall not be accepted for filing until approved by a judicial officer of this court.

2. The tendered *pro se* complaint or notice of removal shall be accompanied by a petition seeking leave to file a *pro se* complaint containing the following information:

a. A list of all law suits filed by Plaintiffs in the United States District Court for the District of Colorado, which states for each case: (i) docket or case number; (ii) all parties; (iii) disposition of case; and (iv) current status.

b. Identification of any party in the tendered complaint who was a party in a previous case filed by Plaintiffs to be identified by previous case number; and

c. Whether any claim of the tendered complaint had been included in a previous complaint to be identified by the previous case number.

3. The tendered complaint shall also be accompanied by an affidavit in proper legal form and notarized containing the following statements:

a. The claims asserted in the tendered complaint have never been raised in any previous complaint in any federal or state court except as may be expressly noted;

b. To best of their knowledge the claims are not frivolous or taken in bad faith, they are well-grounded in fact and warranted by existing law or a non-frivolous argument for extension, modification or reversal of existing law, that the

2

> factual contentions have evidentiary support
> and that the claims are not presented for any
> improper purpose such as to harass or
> unnecessarily delay or needlessly increase the
> cost of litigation. *See* Fed. R. Civ. P. 11; 28
> U.S.C. § 1927.
>
> 4. Plaintiffs shall tender the filing fee or motion and affidavit
> for leave to proceed pursuant to 28 U.S.C. § 1915 at the
> time they tender their complaint or notice of removal.
>
> 5. The tendered complaint or notice of removal shall comply
> with all provisions of the Federal Rules of Civil Procedure,
> including Rule 8(a), and the Local Rules of Practice of this
> court . . . .

*Id.* at 3-4.

Plaintiffs are not represented by an attorney, and they fail to comply with the

filing restrictions set forth in Case No. 07-cv-01971-WDM-CBS. The Court finds that

Plaintiffs have failed to include in their affidavit a statement that the claims they are

presenting in the tendered complaint have not been raised in any previous complaint or

that the "claims are not frivolous or taken in bad faith, are well-grounded in fact and

warranted by existing law or a non-frivolous argument for extension, modification or

reversal of existing law, that the factual contentions have evidentiary support and that

the claims are not presented for any improper purpose such as to harass or

unnecessarily delay or needlessly increase the cost of litigation." ***Andrews***, No. 07-cv-

01971-WDM-CBS at Doc. 97.

Contrary to Plaintiffs' assertion, in their Affidavits, that Case No. 07-cv-01971-

WDM-CBS was dismissed without prejudice, only the claims they asserted against the

Small Business Administration were dismissed without prejudice for failure to satisfy the

exhaustion requirements of the Federal Tort Claims Act. In Case No. 07-cv-01971-

WDM-CBS, the court found that the claims asserted against Defendant Bearpaw LLC fail as a matter of law, and the claims asserted against Defendant Walter A. Brister are legally baseless as they were previously decided against Plaintiffs in the Larimer County District Court of Colorado.

Therefore, even if Plaintiffs were not subject to filing restrictions, the claims raised against Defendants Bearpaw LLC and Brister, in the instant action, are repetitive of claims that were dismissed on the merits in Case No. 07-cv-01971-WDM-CBS. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has examined its records and is satisfied that Plaintiffs' claims are repetitive of the claims they asserted in Case No. 07-cv-01971-WDM-CBS.

With respect to the claims Plaintiffs assert against Defendant Ralph A. Layman, Plaintiffs will be instructed to cure the deficiencies in the tendered Complaint. Plaintiffs have not complied with Rule 8.1.A of the Local Rules of Practice of this Court, in that they failed to submit the tendered Complaint and the 28 U.S.C. § 1915 Motions and Affidavits on Court-approved forms. Accordingly, it is

ORDERED that the Clerk of the Court commence this civil action. It is

FURTHER ORDERED that Defendants Bearpaw, LLC, Walter A. Brister III, and R. Parker Semler, and all claims asserted against them, are dismissed from the action for the reasons set forth above. It is

4

FURTHER ORDERED that Plaintiffs are directed to cure the deficiencies in their Complaint as stated above. It is

FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiffs two copies of each of the following current Court-approved forms: Complaint and Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Plaintiffs fail to comply with the Court's Order within the time allowed the remaining claims asserted against Defendant Ralph E. Layman will be dismissed without further notice.

DATED at Denver, Colorado, this _5_ day of _____Feb.____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. **'09 - CV - 00249**

Byron K. Andrews
1320 S. Lemay Ave.
Fort Collins, CO 80524

Andrea P. Andrews
1320 S. Lemay Ave.
Fort Collins, CO 80524


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and the Complaint** above-named individuals on____2/6/09____


GREGORY C. LANGHAM, CLERK


By:_____
                  Deputy Clerk