IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00249–PAB–KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on Plaintiffs' "Motion for Leave to Amend F.R.C.P. 15(a)" ("Mot.") (Doc. No. 49) filed June 30, 2008.  Defendant filed its response ("Resp.) on September 16, 2009 (Doc. No. 61), and Plaintiffs filed their reply ("Reply") on September 24, 2009 (Doc. No. 61).  This matter is ripe for review and recommendation.

    In their Third Amended Complaint, Plaintiffs allege that, in the summer of 2002, they "applied for and received a financial disaster loan from [the Small Business Association ("SBA")] due to fires in the Estes Valley" in the amount of $135,000.  (Doc. No. 20, ¶ 5.) Plaintiffs admit that they made no payments on this loan from 2003 to May 2006, but aver that for the four months following May 2006 they made "double payments."  (*Id.,* ¶¶ 5–6.)  Plaintiffs allege that they asked for "options of modifying loan, or additional monies to develop our

property, as the method to payoff loan, or improve credit to re-finance and payoff loan," but that Lynette Newman, an SBA employee, responded by email that "her options for modifying were limited." (*Id.,* ¶¶ 6, 9.)

On August 16, 2008, Plaintiffs assert, "SBA foreclosed, sold [Plaintiffs'] loan" to a third party for $85,000. (*See id.*, ¶¶ 7, 10.) Plaintiffs allege that at this time, SBA had in its possession an appraisal of Plaintiffs' real property placing its value at $960,000. (*Id.*, ¶ 11.) In addition, Plaintiffs assert, the "Third Party foreclosed for approx. $140,000.00, evicted, personal property sold [sic] at sheriffs [sic] auction, garnished checking account, caused damage." (*Id.*, ¶ 12.)

In their Third Amended Complaint, Plaintiffs asserted claims for negligent misrepresentation, fraud, and conversion. (Doc. No. 20.) Plaintiffs now seek to amend their complaint for a fourth time to add two additional claims for concealment/nondisclosure and tampering. (Doc. No. 49-2 at 15–17.)

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365 (10th Cir. 1993).  The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### *A.     Undue Delay*

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment.  *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002).  This court set a the deadline for amending pleadings at September 25, 2009.  (Doc. Nos. 43, 44.)  Plaintiffs' motion was timely filed.

### *B.     Prejudice*

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party."  *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983).  The party opposing the amendment of the pleadings has the burden of showing prejudice.  *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).  The record provides no basis for a finding of undue prejudice to Defendant based on its ability to prosecute or defend.

### *C.     Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief.  *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).  A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or

otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiffs' proposed fourth amended complaint contains two new claims based on one significant series of allegations set forth in paragraph 22 of the proposed complaint. As such, the court addresses Defendant's futility argument regarding only the proposed new claims.[1] Defendant argues that Plaintiffs fail to state concealment/nondisclosure and tampering claims. Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51.

---

[1] Defendant has filed a Motion to Dismiss Plaintiffs' Third Amended Complaint which is pending for recommendation before this court. (Doc. No. 33.)

Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### A.     *Concealment, Nondisclosure Claim*

In their fourth claim for relief, Plaintiffs allege that the SBA concealed the sale of Plaintiffs' loan from them (Doc. No. 49, ¶ 45) and object to some redactions they allege SBA made to documents which, Plaintiffs allege, SBA turned over to them in response to a Freedom of Information Act request (*id.*, ¶ 47). Plaintiffs contend that the "torts of concealment and non disclosure are actions of causation with intent to cause harm and damage to both emotional and economic well being of the Plaintiffs." (*Id.*, ¶ 48).

"The terms fraudulent concealment and fraudulent nondisclosure are sometimes used interchangeably. The two torts require essentially the same elements. To prevail on a claim for fraudulent nondisclosure, a plaintiff must demonstrate, *inter alia*, that the defendant failed to disclose a past or present fact that he or she had a duty to disclose, with intent to induce the plaintiff to take a course of action he or she would not otherwise have taken, and that plaintiff justifiably relied on the omission." *Wisehart v. Zions Bancorporation*, 49 P.3d 1200, 1204 (Colo. App. 2002) (citations omitted). Plaintiffs proposed fourth amended complaint fails to address these elements. Plaintiffs do not allege Defendant had a duty to disclose the potential sale of the note to them, had any intent to induce Plaintiffs to take a certain course of action, or that Plaintiffs justifiably relied on Defendant's omission. Moreover, Plaintiffs' statements that Defendant "may have concealed the sale" and "may have refused to reply to the requested plan" (Doc. No. 49-2, ¶¶ 45–46) are merely conclusory and, therefore, do not make their claim plausible. *Iqbal*, 129 S. Ct. at 1949–51.

### B.   Tampering Claim

In their fifth claim for relief, Plaintiffs assert that "the evidence, statements, production of required Judicial authority (sic) may have been tampered with by Defendant." (Doc. No. 49-2, ¶ 51). Plaintiffs do not describe the documents which they believe Defendant may have tampered with, or the manner in which Defendant may have tampered with them. Plaintiffs claim they were "[d]amaged in reputation, damaged by intimidation to confidence to proceed." (*Id.*, ¶ 53). The court first notes that this claim appears to be based solely on the actions and conduct of Defendant's counsel in defending this action. Plaintiffs state:

> Defendants [sic] actions of violation to Court order of 8/19/09 5:00PM, for submission of Schedule Order and failing to respond to Plaintiffs [sic] Motion for *Leave*, etc, (counsel stated he did not want the Leave motion), and had in their possession the Amended Third-Amended Complaint, at the time Defendant stated he would be available , i.e. 08/19/09, . . .

(Mot., ¶ 5 [italics in original].) Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The conduct of defense counsel in defending this action does not arise out of the same conduct, transaction, or occurrence set forth in Plaintiffs' previous complaints. This amendment, therefore, does not relate back under Fed. R. Civ. P. 15(c)(1)(B). Moreover, Plaintiffs' allegations are merely conclusory statements that do not make Plaintiffs' claim plausible. *Iqbal*, 129 S. Ct. at 1949–51.

Accordingly, this court respectfully

RECOMMENDS that Plaintiffs' "Motion for Leave to Amend F.R.C.P. 15(a)" (Doc. No. 49) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of September, 2009.

      **BY THE COURT:**

      */s/ Kathleen M. Tafoya*

      Kathleen M. Tafoya
      United States Magistrate Judge