IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00249–PAB–KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims against Defendants for negligent misrepresentation, fraud, and conversion. This matter is before the court on Defendant's "Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 33, filed July 13, 2009).

### STATEMENT OF THE CASE

Plaintiffs filed their Third Amended Complaint on May 5, 2009, asserting claims against Ralph E. Layman, an employee of the United States Small Business Administration ("SBA"). (Third Am. Compl. at 1–2.) The United States has been substituted as the defendant pursuant to 28 U.S.C. § 2679(d)(1). (*See* Doc. No. 32.) Plaintiffs allege that in the summer of 2002, they "applied for and received a financial disaster loan from SBA due to fires in the Estes Valley" in the amount of $135,000. (Third Am. Compl. at 3, ¶ 5.) Plaintiffs state their "stores were closed due to asbestos" in 2003, and they "notified SBA, ask[ed] for help and payment relief," and told

the SBA they would re-start payment when their insurance claim was paid.  (*Id.*)  Plaintiffs allege they began making double payments from May 2006 through August 2006, while they asked for "options of modifying loan, or additional monies to develop [their] property, as the method to payoff loan, or improve credit to re-finance and payoff loan."  (*Id.*, ¶ 6.)  Plaintiffs assert that Lynette Newman, an SBA employee, responded by email that "her options for modifying were limited."  (*Id.*, ¶ 9.)

On August 16, 2008, Plaintiffs assert, "SBA foreclosed, sold [their] loan," and "converted [their] deed of trust, to a third party" for $85,000.  (*Id.*, ¶¶ 7, 10.)  Plaintiffs allege that at the time of this event, Defendant had in its possession an appraisal of Plaintiffs' real property placing its value at $960,000.  (*Id.* ¶ 11.)  Plaintiffs assert the "Third Party foreclosed for approx. $140,000.00, evicted, personal property sold [sic] at sheriffs [sic] auction, garnished checking account, caused damage."  (*Id.* ¶ 12.)  Plaintiff seek money damages.  (*Id.* at 7.)

Defendant seeks dismissal of Plaintiff's Third Amended Complaint on the bases that (1) Plaintiffs' claims of negligent misrepresentation and fraud fall outside the government's waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"); and (2) Plaintiffs' factual allegations are inadequate to state a claim for relief for any of the alleged torts under Colorado law.  (Mot. to Dismiss Third Am. Compl. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [hereinafter "Mot."] [filed July 13, 2009].)

## PROCEDURAL HISTORY

Plaintiffs filed their Third Amended Complaint on May 5, 2009. (Third Am. Compl.) Defendant filed its motion to dismiss on July 13, 2009. (Mot.) Plaintiffs did not file a response. This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Plaintiffs' *pro se* status does not

entitle them to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2008). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

5

Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### *1.  The Court lacks jurisdiction over Plaintiffs' claims for negligent misrepresentation and fraud.*

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998).  *See Miller v. United States*, 710 F.2d 656, 662 (10th Cir. 1983).  It is also "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  As with any jurisdictional issue, the party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived.  *See James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Section 1331 of Title 28 of the United States Code is a general grant of jurisdiction which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States.  *See* 28 U .S.C. § 1331.  However,

Section 1331 will only confer subject matter jurisdiction where some other statute provides a waiver of sovereign immunity. *City of Albuquerque v. United States Dep't. of the Interior*, 379 F.3d 901, 906-07 (10th Cir. 2004). The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. *See* 28 U.S.C. § 1346(b). The prerequisite for liability under the FTCA is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*

Section 2680(h) of Title 28 provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." However, "[t]he misrepresentation exception applies only when the action itself falls within the commonly understood definition of a misrepresentation claim." *Block v. Neal*, 460 U.S. 289, 296 n.5 (1983) (citations and quotations omitted). Misrepresentation includes those claims "arising out of negligent, as well as willful, misrepresentation." *United States v. Neustadt*, 366 U.S. 696, 702 (1961). The essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies. *Block*, 460 U.S. at 296. Such claims have "been confined 'very largely to the invasion of interests of a financial or commercial character, in the course of business dealings.'" *Block*, 460 U.S. at 296 n.5 (quoting *Neustadt*, 366 U.S. at 711 n.26).

"[C]ircuit courts have held that a claim must contain the essential elements of misrepresentation to come within the exception." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 854 (10th Cir. 2005) (citing *Jimenez-Nieves v. United States*, 682 F.2d 1, 4–5 (1st Cir. 1982)). The plaintiff must allege "reliance by the plaintiff . . . upon the false information that has been provided," and "pecuniary loss." *Id.* (citing *Jimenez-Nieves*, 682 F.2d at 4)). Plaintiffs assert that Defendant's alleged misrepresentations prevented them from repaying their loan, modifying their loan, or otherwise curing their default on the loan. (Third Am. Compl. at 3–5.) Plaintiffs also assert that Defendant, knowing the value of Plaintiffs' property, sold the property for a lesser value, "without giving them the cure, redeem, payoff, or short sale amount information, instead misrepresenting to them the possibility of modifying their loan . . . ." (*Id.* at 4.)

This court construes the cause of Plaintiffs' negligent misrepresentation and fraud claims to be their alleged detrimental reliance on misrepresentations made by SBA employees regarding their loan and, as such, the claims fall directly within the exception to federal tort liability under 28 U.S.C. § 2680(h). *See Haney v. Castle Meadows, Inc.*, 868 F. Supp. 1233, 1238 (D. Colo. 1994); *see also Wexler v. Merit Systems Protection Board*, 986 F.2d 1432 (10th Cir. 1993) (claims of fraud against the federal government are barred by § 2680(h) of the FTCA); *Ortiz v. United States*, 661 F.2d 826, 830 (10th Cir. 1981) (misrepresentation exception of § 2680(h) includes false representation of any type, including negligent misrepresentations).

Accordingly, Plaintiffs' negligent misrepresentation and fraud claims are properly dismissed without prejudice for lack of subject matter jurisdiction.

### 2. *Plaintiff's conversion claim fails to state a claim upon which relief can be granted.*

"Conversion is 'any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another.'" *Internet Archive v. Shell*, 505 F. Supp. 2d 755, 762 (D. Colo. 2007) (quoting *Glenn Arms Associates v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo. App. 1984)). Under Colorado law, the tort of conversion requires that the party asserting it have "title or right of immediate possession to the property." *Pierce v. Ackerman*, 488 P.2d 1118, 1119 (Colo. App. 1971). "'Predicates to a successful claim for conversion are the owner's demand for the return of the property, and the controlling party's refusal to return it.'" *Internet Archive*, 505 F. Supp. 2d at 762 (quoting *Glenn Arms Associates*, 680 P.2d at 1317).

Plaintiffs state the SBA foreclosed on their property in August 2006 after the plaintiffs apparently failed to make payments from 2003 through May 2006. (Third Am. Compl. at 3.) It is axiomatic that an individual who executes loan documents and promises to pay a sum certain toward those loans each month, but who fails to comply with the terms of those loans, is in default. *See, e.g., Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F.Supp. 343, 348 (D. Kan. 1996) (recognizing that where a party fails to make payments required by the loan, this failure constitutes default); *State ex rel. Salazar v. Cash Now Stores, Inc.*, 12 P.3d 321, 327 (Colo. App. 2000), *rev'd on other grounds by* 31 P.3d 161 (Colo. 2001) (noting that one constant element of a loan is that the borrower has an expectation to repay the money advanced unconditionally, and not merely in default of some other occurrence). The legal title to the property in dispute had been in the mortgagee bank from the day the mortgage was given, and

9

upon default, the right of possession immediately passes to, and becomes vested in, the mortgagee bank. *See McCormick v. First Nat. Bank*, 299 P. 7, 10 (Colo. 1931). When there is a default by the mortgagor in the payment of the mortgage debt and the interest, the mortgagee is entitled to take and hold possession of the mortgaged chattels for purposes of sale. *Id.*

Title 15 U.S.C. § 634(b)(7) provides the SBA with discretionary authority to foreclose or to sell its rights to any loan. 15 U.S.C. § 634(b) provides, in pertinent part:

> In performance of, and with respect to, the functions, powers, and duties vested in him by this chapter, the Administrator may -
> \* \* \*
> (2)… assign or sell at public or private sale, or otherwise dispose of for cash or credit, in his discretion and upon such terms and conditions and for such consideration as the Administrator shall determine to be reasonable, any evidence of debt, contract, claim, personal property, or security assigned to or held by him in connection with the payment of loans granted under this chapter,…;
> \* \* \*
> (7)…take any and all actions … when he determines such actions are necessary or desirable in making, servicing, compromising, modifying, liquidating, or otherwise dealing with or realizing on loans made under the provisions of this chapter:…

As the Plaintiffs admit they were in default on their loan, the SBA had the authority to foreclose on the property and to sell the loan. The court finds Plaintiffs have failed to state a claim for conversion because they have failed to show they had title or right of immediate possession to the property, *Pierce v. Ackerman*, 488 P.2d at 1119, and they have failed to allege that they demanded return of the property and that the Defendant refused to return it, *see Internet Archive*, 505 F. Supp. 2d at 762.

Accordingly, Plaintiff's conversion claim is properly dismissed with prejudice for failure to state a claim upon which relief can be granted.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's "Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 33*)* be GRANTED, and that the case be dismissed in its entirety, as follows:

1. Plaintiff's negligent misrepresentation and fraud claims are properly dismissed without prejudice for lack of subject matter jurisdiction; and

2. Plaintiff's conversion claim is property dismissed with prejudice for failure to state a claim upon which relief can be granted

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of November, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge