IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00249–PAB–KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

This matter is before the court on "Plaintiffs' Motion for Leave for Motion for Reconsideration of Recommendation Doc. 70 D.C.COLO.LCivR 7.1A" (Doc. No. 71) filed on November 17, 2009.

Plaintiffs request that this court reconsider its Recommendation (Doc. No. 70) that Defendant's Motion to Dismiss be granted.  "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'  Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions.  *Id.*  Plaintiffs filed the Motion for Reconsideration on November 17,

2009. This court filed its Recommendation on November 2, 2009. As Plaintiffs' Motion was filed more than ten days after this court's Recommendation, Plaintiffs' Motion will be construed as a Rule 60(b) motion.

Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1105, 1012 (10th Cir. 2000). In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously. *Id.*

The bases for Plaintiffs' Motion to Reconsider were either presented at the time they filed their response to the motion to dismiss, or could have been presented at that time. The Motion also does not present any evidence or argument that there has been a change in the controlling

2

law or identify a specific error in the court's prior rulings.  Plaintiffs have not demonstrated an entitlement t relief under Rule 60(b).

Therefore, it is

ORDERED that "Plaintiffs' Motion for Leave for Motion for Reconsideration of Recommendation Doc. 70 D.C.COLO.LCivR 7.1A" (Doc. No. 71) is **DENIED**.

Dated this 23rd day of November, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge