IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00249–PAB–KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

---

This matter is before the court on "Plaintiffs' Motion for Leave for Unopposed Motion for Preservation of Evidence" (Doc. No. 72) filed on November 17, 2009. Defendant filed a response (Doc. No. 83) on December 3, 2009.

Plaintiffs request that the court order the defendant to produce evidence; to allow Plaintiffs access to the property at issue; to preserve certain evidence, and to turn over items left in the home by Plaintiffs when they were evicted from their home after foreclosure. Defendant states that the motion is opposed and that they never informed Plaintiffs otherwise. Defendant also argues that the motion should be denied because (1) Defendant is already under the obligation to preserve relative evidence; (2) Defendant has no possession, custody, or control over the documents, things, or property Plaintiff wants preserved; and (3) discovery only leads to

information relevant to a claim or defense, and Plaintiffs give no coherent explanation of how preserving their former property is relevant to their claims. The court agrees with Defendant.

Pursuant to Fed. R. Civ. P. 11 and the Federal Rules of Evidence, the parties are required to preserve relevant evidence absent a specific court order. *Bell v. United States*, No. 08-cv-00335-WDM-KLM, 2009 WL 2883412, at *2 (D. Colo. Sept. 2, 2009). Thus, to the extent Plaintiffs seek an order requiring the defendant to preserve any <u>relevant</u> evidence, there is no need for an order.

To the extent Plaintiff seeks an order requiring the defendants to produce documents and tangible items and to allow Plaintiffs access to the foreclosed property, the Defendants have no possession, custody or control over the foreclosed property and, therefore, have no ability to comply with this request. Moreover, Fed. R. Civ. P. 34(a)(1) limits production to documents and tangible things in the responding party's "possession, custody, or control."

Therefore, it is

ORDERED that "Plaintiffs' Motion for Leave for Unopposed Motion for Preservation of Evidence" (Doc. No. 72) is **DENIED**.

Dated this 4th day of December, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge