**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 09-cv-00249-PAB-KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge Kathleen M. Tafoya filed on November 2, 2009 [Docket No. 70].  The

Recommendation states that objections to the Recommendation must be filed within

ten days after its service on the parties.  *See also* 28 U.S.C. § 636(b)(1)(C).  The

Recommendation was served on November 2, 2009.  No party has objected to the

Recommendation.

      On November 17, 2009, after the ten-day period for filing objections to the

Recommendation, plaintiffs filed a "Motion for Leave for Motion for Reconsideration of

Recommendation Doc. 70 D.C.COLO.LCivR 7.1 A" [Docket No. 71], which attached

plaintiffs' "Motion for Reconsideration of Recommendation of United States Magistrate

Judge."  On November 23, 2009, Magistrate Judge Tafoya construed Docket No. 71 as

a Rule 60(b) motion and denied it [Docket No. 79].  Nothing about the Motion for

Reconsideration suggests that plaintiffs intended it to be an objection to the Recommendation.  The Recommendation itself provided a detailed advisement to the parties of the requirements of filing an objection.  Even if the Court construes the Motion for Reconsideration as an objection, it nevertheless fails to address the Recommendation's stated reasons for recommending that plaintiffs' claims be dismissed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1.  The Recommendation of United States Magistrate Judge [Docket No. 70] is ACCEPTED.

2.  Defendant's Motion to Dismiss Third Amended Complaint Pursuant to Fed. R. Civ. P. 129(b)(1) and 12(b)(6) [Docket No. 33] is GRANTED, as follows:

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

a.  Plaintiff's negligent misrepresentation and fraud claims (the first and second claims for relief) are dismissed without prejudice for lack of subject matter jurisdiction; and

b.  Plaintiff's conversion claim (the third claim for relief) is dismissed with prejudice for failure to state a claim upon which relief can be granted.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 65], which recommends that the Court deny plaintiffs' "Motion for Leave to Amend F.R.C.P. 15(a)" [Docket No. 49], is accepted and Docket No. 49 is denied for the reasons stated in the Recommendation.  The Court has reviewed the motion to amend, the Recommendation, and the plaintiffs' objection [Docket No. 66] de novo.  It is further

**ORDERED** that all other pending motions are denied as moot.  It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant and against plaintiffs.  Defendant may have its costs by filing a bill of costs within fourteen days of the date of this order.

DATED December 23, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge