IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00249-PAB-KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

# MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    The matter is before the Court on a letter requesting that this case be reopened [Docket No. 103] filed by plaintiffs Byron and Andrea Andrews, which the Court construes as a motion to reopen the case. Plaintiffs state that the Court's July 23, 2014 Minute Order "is the first and only notice we have received" that a final judgment has been entered in this case, which plaintiffs argue is a sufficient basis for reopening this case. Docket No. 103 at 1.

    The order accepting the magistrate judge's Recommendation [Docket No. 70] and dismissing plaintiff's claims issued on December 23, 2009. Docket No. 90. Final judgment in this case issued on January 8, 2010. Docket No. 91. The Clerk's Office mailed the order and the final judgment to plaintiffs' address of record. Nothing more was filed by plaintiffs until they filed a Change of Address [Docket No. 92] on October 11, 2011. On June 22, 2012, plaintiffs filed a Motion for Conference Settlement. Docket No. 93. This motion notes that "this Court directed the defendants and Bearpaw LLC to submit their legal fees, costs, etc." The Court construes this language as a reference to the December 23, 2009 order. That order allowed defendants to file a bill of costs within 14 days. The motion also states that plaintiffs were "just told" by the Assistant United States Attorney assigned to the case that "our case is closed." Plaintiffs therefore requested that the case be reopened. *Id.* at 1. The magistrate judge denied plaintiffs' motion for a settlement conference on June 25, 2012, stating: "This case is closed, and judgment has been entered." Docket No. 95. On April 17, 2013, the magistrate judge issued a minute order stating: "This case was closed and judgment was entered in favor of the defendant over three years ago." Docket No. 100. The minute order was mailed to plaintiffs' new address.

    Plaintiffs, by their own admission, *see* Docket No. 93, have been aware for years

that this case is closed.  Thus, their claim that the minute order dated July 23, 2014 is the first and only notice they have received notifying them of the entry of final judgment is unbelievable and is rejected.  Plaintiffs fully litigated defendant's motion to dismiss, the resolution of which led to the final judgment in this case, and plaintiffs allege no error in the Court's order dismissing the case or the final judgment itself.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (holding that amending a judgment is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief).  Plaintiffs therefore fail to provide a sufficient basis for the Court to amend the final judgment and to reopen this case.  It is therefore

**ORDERED** that plaintiffs' motion to reopen case [Docket No. 103] is **DENIED**

DATED August 7, 2014.