IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00249-PAB-KMT

ANDREA P. ANDREWS and
BYRON K. ANDREWS,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## MINUTE ORDER
_____

**Entered by Judge Philip A. Brimmer**

    This matter is before the Court on the August 12, 2014 filing [Docket No. 105] of plaintiffs Andrea and Byron Andrews.  The filing appears to request that the Court reconsider its August 7, 2014 minute order [Docket No. 104] denying plaintiffs' request to reopen this case.  *See* Docket No. 105 at 1-2.
    Plaintiffs deny receiving the Court's December 23, 2009 order [Docket No. 90] accepting the magistrate judge's Recommendation and dismissing plaintiff's claims and deny receiving the January 8, 2010 final judgment [Docket No. 91].  Docket No. 105 at 1.  Plaintiffs argue that, if they had received such documents, they would have promptly filed a motion to reconsider and would not have continued filing motions that do not address the order dismissing the case.  *Id.* at 1-2.  Plaintiffs argue that they were never told of a final order and argue that "justice will be offended" if their request to reopen the case is denied.  Docket No. 105 at 8-9.
    Plaintiffs' arguments are an insufficient basis for the Court to reconsider its decision not to reopen the case.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting forth grounds on which a Court may reconsider a prior decision).  Although plaintiffs assert that they did not receive the order and final judgment dismissing their claims and assert that they were not previously informed that a "final order" issued, such assertions, even if true, are irrelevant.  Plaintiffs were informed that this case was closed on multiple occasions and were therefore on notice that this case had been resolved and was no longer pending.  *See* Docket No. 104. Moreover, plaintiffs do not explain why it would offend justice if this case is not reopened and no such reason is apparent to the Court.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (holding that amending a judgment is appropriate when circumstances are so "unusual or compelling" that extraordinary relief

is warranted or when it "offends justice" to deny such relief).

    For the foregoing reasons and those stated in the Court's prior orders, *see* Docket Nos. 102, 104, to the extent plaintiffs request that the Court reconsider its decision not to reopen the case or request that the Court take some action, such requests are denied.

    It is so **ORDERED**.

    DATED March 10, 2015.